**Martin VARGAS–PUEBLO, Petitioner,**

**v.**

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–60450

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 25, 2007.

Mark Edward Jacobs, Dallas, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Martin Vargas–Pueblo, a native and citizen of Mexico, filed a petition for review in this court challenging the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of relief under former § 212(c) of the Immigration and Nationality Act.

The REAL ID Act generally precludes judicial review of discretionary decisions of the Attorney General, including the grant or denial of a waiver of removability. 8

---

U.S.C. § 1252(a)(2)(B)(ii); *see Gutierrez–Morales v. Homan,* 461 F.3d 605, 609 (5th Cir.2006). However, none of these provisions "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review . . . ." § 1252(a)(2)(D).

Vargas argues that the BIA erred when it affirmed the IJ's denial of § 212(c) relief. He claims that the IJ's improper bias against him violated due process. However, Vargas's claim is unavailing. Section 212(c) relief is available only within the broad discretion of the Attorney General and is not "a right that is protected by due process." *See United States v. Lopez–Ortiz,* 313 F.3d 225, 231 (5th Cir.2002). Therefore, this court lacks jurisdiction to review Vargas's challenge to the BIA's decision affirming the IJ's denial of his application for § 212(c) relief.

Accordingly, the petition is DISMISSED for lack of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.